UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTONIO JOHNS | CIVIL ACTION |
| VERSUS | NO. 06-3767 |
| DAVID EDWARDS, ET AL. | SECTION "F" (3) |

### REPORT AND RECOMMENDATION

Plaintiff, Antonio Johns, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against David Edwards, James Miller, Robert Tanner, Douglas Brooks, Misty Verdin, Jerry Thomas, and Michael Harrell.[1] Plaintiff then filed an amended complaint omitting the claims against Edwards and Miller,[2] as well as a notice stating that he wishes to dismiss the claims against those defendants.[3] Defendants Tanner, Brooks, Verdin, and Harrell have filed a motion to dismiss on the grounds that plaintiff failed to exhaust his administrative remedies.[4]

### David Edwards and James Miller

The Court construes plaintiff's notice regarding his claims against David Edwards and James Miller[5] as a notice of dismissal of those defendants. Subject to exceptions not applicable in this

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 13.

[3] Rec. Doc. 14.

[4] Rec. Doc. 15.

[5] Rec. Doc. 14.

case, the Federal Rules of Civil Procedure provide that "an action may be dismissed by the plaintiff without order of court ... by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs ...." Fed.R.Civ.P. 41(a)(1)(i). When a *pro se* plaintiff seeks dismissal in a situation in which Rule 41(a)(1)(i) would be applicable, the fact that he fails to cite that rule or correctly style the notice of dismissal is of no significance. Carter v. United States, 547 F.2d 258, 259 n. 2 (5th Cir. 1977).

The United States Fifth Circuit Court of Appeals has noted that Rule 41(a)(1)(i) "means what it says." Id. at 259. "As the plain terms of Rule 41(a)(1)(i) establish, a plaintiff has an *absolute right* to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion." Id. (emphasis added). When a plaintiff has filed a proper notice of dismissal, a court has "no power or discretion to deny [plaintiff's] right to dismiss or to attach any condition or burden to that right." Williams v. Ezell, 531 F.2d 1261, 1264 (5th Cir. 1976).

At the time plaintiff filed his notice of dismissal, defendants had filed neither an answer nor a motion for summary judgment. Accordingly, pursuant to Rule 41(a)(1)(i), plaintiff's filing of his notice of dismissal had the effect of dismissing his claims against Edwards and Miller.

### Remaining Defendants

As noted, defendants Tanner, Brooks, Verdin, and Harrell filed a motion to dismiss on the grounds that plaintiff failed to exhaust his administrative remedies.[6] The Court notified plaintiff

---

[6] Rec. Doc. 15. Although they do not cite the provision in their motion, defendants argue in their accompanying memorandum that dismissal under Fed.R.Civ.P. 12(b)(1) would be appropriate. They are incorrect on that point. The requirement that an inmate exhaust his administrative remedies is not jurisdictional. Wright v. Hollingsworth, 260 F.3d 357, 358 n.2 (5th Cir. 2001); see also Doggett v. Joslin, No. 3-06-CV-539-B, 2007 WL 38321, at *2 n.2 (N.D. Tex. Jan. 3, 2007).

that, because defendants had presented matters outside the complaint for the Court's consideration, the motion would be treated as one for summary judgment. Plaintiff was also notified that the undersigned was considering recommending the entry of summary judgment *sua sponte* on *all* claims in favor of *all* defendants, nonmovants[7] as well as movants, on the grounds set forth in the motion.[8] Plaintiff was ordered to file a memorandum in opposition to the motion and the Court's proposed action on or before December 15, 2006.[9] He filed no such memorandum.

The principal purpose of Fed.R.Civ.P. 56 is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In reviewing a motion for summary judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is

---

[7] Defendant Thomas did not join in the motion, presumably because he was never served. Rec. Doc. 8.

[8] "Federal District Courts are empowered to enter summary judgment *sua sponte* so long as the losing party has ten days notice to come forward with all of its evidence in opposition to the motion." Harken Exploration Co. v. Sphere Drake Insurance PLC, 261 F.3d 466, 477 (5th Cir. 2001) (internal quotation marks and citations omitted).

[9] Rec. Doc. 16.

3

a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Summary judgment will be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. Id. at 322-23.

The Court has no duty to search the record for evidence to support a party's opposition to summary judgment. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Id. Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996). "[S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (emphasis deleted) (internal quotation marks omitted).

In this lawsuit, plaintiff contends that he was sexually assaulted by David Edwards, a prison guard, on September 2, 2005. Plaintiff claims that Robert Tanner violated plaintiff's rights (1) by

allowing Edwards to continue to work around plaintiff after he had complained of the alleged sexual assault, thereby exposing plaintiff to retaliation by Edwards; and (2) by failing to report plaintiff's charges against Edwards to law enforcement authorities.  Plaintiff claims that Michael Harrell failed to perform an adequate investigation into plaintiff's grievance against Edwards and also failed to contact law enforcement authorities to report the alleged assault.  Plaintiff claims that Misty Verdin violated his rights by denying him proper medical treatment, failing to contact the jail doctor immediately to report the alleged assault, and failing to prepare a "rape kit" to preserve evidence of the assault.  Plaintiff claims that his rights were violated when Jerry Thomas attempted to "cover for the facility" by performing an inadequate medical examination and falsely concluding that there was no physical evidence of the alleged assault.  Plaintiff also claims that his rights were violated by Douglas Brooks, who disregarded plaintiff's report of the assault and mocked him.

As noted, the defendants argue that plaintiff failed to exhaust his administrative remedies with respect to those claims before filing this lawsuit.  The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory in cases covered by § 1997e(a).  Porter v. Nussle, 534 U.S. 516, 524 (2002).

The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Id. at 532 (emphasis

added). The Supreme Court has further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The United States Fifth Circuit Court of Appeals has noted that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998). Plaintiff filed this lawsuit *in forma pauperis*.[10]

At the time of the incident giving rise to this complaint, plaintiff was incarcerated in a prison operated by the Louisiana Department of Public Safety and Corrections. In such facilities, there exists a two-step administrative remedy procedure. At the first step, an inmate submits his grievance to the warden. If the inmate is dissatisfied with the warden's response, he may proceed to the second step by requesting review of the matter by the Secretary of the Louisiana Department of Public Safety and Corrections. 28 La. Reg. 857 (Apr. 20, 2002) (codified at La. Admin. Code tit. 22, pt. I, § 325).

In his complaint, plaintiff alleges that he submitted administrative grievance number 05-686 regarding the claims in this lawsuit. The evidence defendants submitted in support of their motion

---

[10] Rec. Docs. 3 and 4.

indicates that Harrell denied that grievance on October 6, 2005, and advised plaintiff of his right to proceed to the second step of the administrative remedy procedure. However, on November 24, 2005, plaintiff notified prison officials that he wished to "drop all A.R.P.'s I have" and pursue two more recent grievances on other matters. On November 30, 2005, plaintiff was notified that all prior grievances had been dropped in accordance with his request.

The unrebutted evidence before the Court establishes that plaintiff abandoned his administrative grievance regarding the instant claims after the first step of the applicable procedure. Accordingly, he failed to exhaust his administrative remedies as required by federal law. "'Exhaust' is defined as 'to take complete advantage of (legal remedies).'" Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998) (quoting Webster's New Int'l Dictionary 796 (3rd ed. 1981)). A plaintiff's administrative remedies are not exhausted unless he has pursued the grievance remedy through conclusion of a multi-step administrative remedy procedure. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). To allow plaintiff, who clearly did not pursue his grievance through *both* steps of the applicable administrative remedy procedure, to proceed directly to federal court would undermine the congressional intent of § 1997e(a).[11]

---

[11] The United States Supreme Court has noted:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (citations omitted).

In light of the foregoing, the Court finds that defendants' unopposed motion should be granted and, further, that plaintiff's claims against all remaining defendants should be dismissed on the ground that plaintiff failed to exhaust his administrative remedies.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against David Edwards and James Miller be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P. 41(a)(1)(i).

It is **FURTHER RECOMMENDED** that defendants' motion, Rec. Doc. 15, be **GRANTED**. It is **FURTHER RECOMMENDED** that plaintiff's claims against Robert Tanner, Douglas Brooks, Misty Verdin, Jerry Thomas, and Michael Harrell be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a), but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-sixth day of January, 2007.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**